[948 NYS2d 909]

In the Matter of LEESA SHAPIRO, an Attorney, Resignor.

Second Department, August 1, 2012

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

*Kenneth J. Kaplan*, New York City, for resignor.

**OPINION OF THE COURT**

Per Curiam.

Leesa Shapiro has submitted an affidavit sworn to on February 9, 2012, wherein she tenders her resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Ms. Shapiro was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on July 11, 1988.

Ms. Shapiro, represented by counsel, acknowledges in her affidavit that her resignation is freely and voluntarily rendered, that she is not being subjected to coercion or duress by anyone, and that she is fully aware of the implications of its submission.

Ms. Shapiro acknowledges that the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) is currently investigating three complaints of professional misconduct against her, which allege, inter alia, that she failed to zealously advocate for clients in real estate transactions, engaged in conflicts of interests in those transactions, and drew a check on her attorney trust account at Commerce Bank in the amount of $5,946.22, which was dishonored due to insufficient funds. Ms. Shapiro acknowledges that if charges were predicated on the aforementioned allegations, she could not successfully defend herself on the merits against such charges. She further acknowledges that on May 4, 2011, she pleaded guilty, before the Honorable Arthur D. Spatt, in the United States District Court for the Eastern District of New York, to conspiracy to commit bank fraud. She has not yet been sentenced.

Ms. Shapiro's resignation is submitted subject to any application by the Grievance Committee for an order directing that she make restitution and that she reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). She acknowledges the continuing jurisdiction of this Court to make such an order, which could be entered as a civil judgment against her. She specifically waives the opportunity afforded her by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends the acceptance of Ms. Shapiro's resignation.

Inasmuch as the proffered resignation complies with the requirements of Judiciary Law § 90 (6-a), it is accepted, Ms. Shapiro is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and COHEN, JJ., concur.

Ordered that the resignation of Leesa Shapiro is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Leesa Shapiro is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Leesa Shapiro shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Leesa Shapiro is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Leesa Shapiro has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Ms. Shapiro shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).